# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH E. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV417-002 |
| | ) | |
| HILTON HALL, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

In 2001 a Chatham County, Georgia jury convicted petitioner Joseph Allen of, *inter alia*, armed robbery and kidnapping. Doc. 1 at 3; *see also Allen v. Tatum*, No. CV414-169 at doc. 3; *Allen v. State*, 268 Ga. App. 519, 533-34 (2004) (affirming conviction and double life sentence plus 25 years). In June 2010 he sought state habeas relief, but it was denied on merits. Doc. 1 at 3-4. He next sought federal habeas relief here, but this Court directed him to show cause why his petition should not be denied on timeliness grounds. No. CV414-169 at doc. 3. When he failed to respond, it dismissed his case for want of prosecution. *Id.* at docs. 12 & 13.

Allen then filed for state habeas relief in another state court, but in October 2015 that court denied it as untimely and successive. Doc. 1

at 3-4. He now petitions this Court for 28 U.S.C. § 2254 relief. *Id.* Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

Allen had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

The Georgia Court of Appeals affirmed Allen's conviction and sentence on July 15, 2004. Pursuant to that court's rules, he then had ten days to file a notice of intent to petition for a writ of certiorari. Ga. Ct. App. R. 38(a)(1). Certiorari was denied on October 12, 2004, making his conviction final as of that date.

Allen then had one year -- until October 12, 2005 -- to either file a § 2254 petition or toll the limitations period by seeking state collateral relief. 28 U.S.C. § 2244(d)(2); *Rich*, 512 F. App'x at 982-83. His first state habeas petition was apparently timely, as it was decided on the merits in June 2010. Doc. 1 at 3. His second state habeas petition, however, was deemed "untimely and successive" in October 2015. That second state petition therefore had no tolling effect, since no time remained on his § 2254 clock. *Webster*, 199 F.3d at 1259.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling

3

if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Allen, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. He contends that certain exculpatory documents his trial counsel had requested were improperly withheld by the State. *See* doc. 1 at 35 (asking the Court to excuse his untimeliness because "neither [he] nor his counsel w[ere] aware of these non-disclosed reports as a result of the State's failure to provide them in discovery[.] [T]he reports were discovered only after the denial of Allen's direct appeal when [he] filed an open records request."); *id.* at 69 (letter file-dated March 16, 2005 requesting copies of certain police records regarding "Alton Lovett" and "James Russel Simmons").

Allen says these records demonstrate that he was misidentified, and someone else committed the crimes he had been charged with. Doc. 1 at 6. Identification was a critical defense at trial. *See Allen*, 268 Ga. App. at 531-33. But he has failed to explain the delay in exploiting these documents for the relief he seeks.

Furthermore, he has had copies of these "new" exculpatory records

4

since at least May 2005 -- meaning they've been around for both State habeas actions. *Id.* at 74 (cover letter dated April 26, 2005, informing Allen his Open Records request was granted, with Simmons' and Lovett's records enclosed). Nothing new has popped up that was unavailable to him during the past decade and two rounds with the State habeas rodeo. There is no indication Allen has diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court. *See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624. *See also* No. CV414-169 at docs. 9, 12 & 13 (dismissing apparently untimely § 2254 motion for failure to prosecute).

Accordingly, Joseph E. Allen's § 2254 petition is untimely and should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the

5

applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __9th__ day of January, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA