UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| JOSEPH E. ALLEN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CV417-002 |
|  | ) |  |
| HILTON HALL, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## ORDER

After a careful *de novo* review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. In concluding that petitioner Joseph E. Allen's 28 U.S.C. § 2254 petition is time-barred, the R&R resoundingly discredited his "newly discovered documents" argument. Doc. 4 at 4-6. Allen now seeks to excuse his untimeliness by citing ongoing mental health problems that he claims prevented him from fully litigating his case. *See* doc. 5.

However, "allegations of mental incapacity are insufficient to show a causal connection to his untimely filing." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir.), *cert. denied sub nom. Spears v. Tatum*, 136 S. Ct. 300 (2015). The factual record is sufficiently developed to conclude that: as of June 2010 *at the latest* (when his first state habeas action was denied on the merits) Allen was *not* so mentally impaired that his alleged mental illness "in fact" prevented him from pursuing habeas relief. His abandoned attempt to seek federal habeas relief here in 2014 (*see Allen v. Tatum*, No. CV414-169) and unsuccessful pursuit of successive state habeas relief in 2015 (*see* doc. 1 at 4, Tatnall County habeas petition denied as untimely and successive) further demonstrate petitioner's ability to

seek habeas relief over the years, regardless of his alleged mental impairment.

Finally, even if Allen *had* established a mental impairment constituting an "extraordinary circumstance," "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence." *Spears*, 605 F. App'x at 905 (quotes omitted). Here, nothing in the record indicated that petitioner attempted to pursue his rights between 2010 and 2014, when his first federal habeas case was dismissed for want of prosecution. *See* CV414-169 at doc. 3. Accordingly, the R&R is **ADOPTED**, and this case is **DISMISSED** with prejudice.[1]

**ORDER ENTERED** at Augusta, Georgia, this 24th day of January, 2017.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

1 No hearing is necessary because petitioner has not shown, by way of allegations or supporting evidence, that further inquiry by the district court would help him prove that he pursued his rights diligently. *Spears*, 605 F. App'x at 905.